### JIM BLODGETT v. THE STATE.

#### No. 1102.   Decided January 27th, 1897.

**Local Option—A Sale—A Device and a Sham—Evidence.**

See opinion for facts stated, which the court hold, show not only a sale of liquor in violation of local option, but a most miserable sham and device to evade the local option law.

APPEAL from the County Court of Fannin.  Tried below before Hon. JAMES Q. CHENOWETH, County Judge.

Appeal from a conviction for violation of the local option law; penalty, a fine of $25 and twenty days' imprisonment in the county jail.

The opinion states the case.

*Donalson, Holmes & McGrady*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for selling whiskey in Fannin County in violation of the local option law; hence this appeal.  The only question in this case is whether appellant sold the liquor, as charged in the indictment, to Andy Roberts.  Was the transaction between Roberts and appellant a sale?  It seems, from the testimony of Roberts, that he went into defendant's place of business—a cold-storage business (remarkably prevalent in these days in local option territories)—and asked defendant how he could get some whiskey.  Defendant replied, "I can order it for you."  Defendant then put down a paper on the counter, and wrote what purported to be an order, but upon whom is not stated.  It was getting dark.  Roberts did not have his glasses, and could not see it well enough to read it.  Roberts signed it, and gave defendant a silver dollar, and told him to get a quart.  The defendant told him that the whiskey would be there the next day, or the day thereafter.  On the next day, about 10 or 11 o'clock, while he (Roberts) was standing across the street at his place of business (which was opposite defendant's place of business), Harper, who at the time was standing in the door of the defendant's house, in company with one Hulsey, called him over and said to him that the defendant said that he had some whiskey there.  Harper or Hulsey suggested that Roberts must set up the drinks.  Roberts asked defendant if his whiskey had come.  He said, "Yes."  Roberts said, "Get it."  At that time defendant was behind the counter, pouring something out of a jug into a bottle, and said, "I will wait upon you in a minute."  When he had filled

the bottle from the jug, he sat a quart bottle of whiskey upon the counter. Harper, Hulsey and Roberts all took a drink at that time. Harper testifies that he did not know whether the bottle the defendant was filling from the jug was the one he placed upon the counter or not, as the shelving on which the bottle sat while being filled was behind the counter from him, and was lower than the top of the counter. Nor did he remember whether the bottle had a stopper in it, or not, when it was placed upon the counter. After they drank, Roberts told defendant to label it for him, and set it back, so he would know it hereafter. The defendant said he would. This is a summary of the evidence. It is strange that the bottle had not been labeled and set away for the purchaser before. From the testimony of Harper and Hulsey, it is reasonably certain that the bottle of whiskey put upon the counter was taken from the jug, which held a gallon or more. We are of opinion, taking into consideration all of the facts in this case, that this was a mere device to evade the local option law. It is passing strange that appellant should order a quart of whiskey for Roberts, and have it sent in a jug. Another important fact in this case: We are not informed as to who filled the order, as to where the order was sent, or whether it was an order at all. This transaction, we think, evinces a miserable sham. We are of opinion that this was a sale by appellant to Roberts as charged in the indictment. See, Lafferty v. State (Tex. Crim. App.), 35 S. W. Rep., 374. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]